**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4086

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILIP KETTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00183-RJC-DCK-5)

Submitted:  October 13, 2022                     Decided:  October 18, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Ketter pled guilty pursuant to a plea agreement to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349. The district court sentenced Ketter to 46 months in prison, to be followed by two years' supervised release. Ketter's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, and conceding that Ketter's plea was knowing and voluntary and that the imposed sentence is reasonable. In his pro se supplemental brief, Ketter argues that his sentence was premised on an incorrect Sentencing Guidelines range. The Government has declined to file a response brief. We affirm.

We review a criminal "sentence[ ]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, we then consider the substantive reasonableness of the sentence. *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, and sufficiently explained the chosen sentence and its reasons for

2

Ketter's downward variant sentence. Ketter has failed to rebut the presumption of reasonableness afforded his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the amended criminal judgment. This court requires that counsel inform Ketter, in writing, of the right to petition the Supreme Court of the United States for further review. If Ketter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ketter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*